IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SIMONE L. ELLIS, a minor, by next friend, TRACI L. TILLERY
AMMIEL IVY, a minor, by next friend, SONYA SMITH
TRACY L. TILLERY
LAKESHAIA ADAMS
ALEXIS ADAMS
SONYA SMITH,

    PLAINTIFFS,

    VS          CASE NO. _____

                JURY TRIAL DEMANDED

WAFFLE HOUSE #1843
WAFFLE HOUSE, INC.,

    DEFENDANTS,

## COMPLAINT

## INTRODUCTION

1.     Plaintiffs are minor children and adult residents and citizens of Jefferson County, State of Alabama.  Plaintiffs bring this action to seek redress for injuries they suffered because of Defendants' racially discriminatory denial of public accommodations and right to contract.

2.     Defendants offer public accommodations at a restaurant in Pinson, Alabama known as Waffle House #1843.  On September 6, 2013, Defendants denied Plaintiffs the use and enjoyment of the benefits,

-1-

privileges, terms and conditions they extend to all other similarly situated guests and invitees. Defendants discriminated against them in violation of 42 U.S.C.S. § 2000a(a)-2000a-6(a), the Civil Rights Act of 1964, the Civil Rights Act of 1866, 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

3. This Court has primary jurisdiction over Plaintiffs' federal claim pursuant to 28 U.S.C. § 1331 and § 1343(a)(4).

4. Venue is proper in the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. § 1391 because the events giving rise to these claims occurred in this District.

## PARTIES

5. Plaintiff, Simone L. Ellis, is a 17-year-old female who resides in Jefferson County, Alabama. Plaintiff, Alexis Adams, is an individual, over the age of twenty-one (21) years, who resides in Jefferson County, Alabama.

6. Plaintiff, Ammiel Ivy, is a 18-year-old female who resides in Jefferson County, Alabama.

7. Plaintiff, Traci L. Tillery, is an indvidual, over the age of twenty-one years who resides in Jefferson County, Alabama, and is the mother of Simone L. Ellis.

8.   Plaintiff, Lakeshaia Adams, is an indvidual, over the age of twenty-one years who resides in Jefferson County, Alabama, and is the mother of Alexis Adams.

9.   Plaintiff, Sonya Smith, is an individual, over the age of twenty-one years who resides in Jefferson County, Alabama, and is the aunt of Ammiel Ivy.

10.   Defendant, Waffle House #1843, is a restaurant doing business at 4688 Center Point Road, Pinson, Alabama 35126 and is owned and operated by Defendant, Waffle House, Inc.

11.   Defendant, Waffle House, Inc., is a foreign corporation organized and existing under the laws of the State of Georgia, with a registered agent for service of process at CSC Lawyers Incorporating Service, Inc., 150 South Perry Street, Montgomery, Alabama 36104 and is in the business of operating Waffle Houses.

## FACTS

12.   On September 6, 2013, Plaintiffs, Simone L. Ellis, Alexis Adams, and Ammiel Ivy, along with three other friends, went to Waffle House #1843 located at 4688 Center Point Road, Pinson, Alabama 35126 after a football game in the area.

13. There were several empty tables which had not been cleared from previous customers. Plaintiffs waited for the table to be cleared but no employee came to clear same. Plaintiffs requested that one of the tables be cleared so they could dine. An employee stated that they were busy and Plaintiffs would have to wait, yet stood around talking with co-workers. Plaintiffs waited for a long period of time and no employee came to clear the table or greet or acknowledge their presence. The three friends left the restaurant after a long wait. Plaintiffs cleared a space on one of the tables themselves by placing the dirty dishes to the side. Still no one came to take their order or extend any service of any kind.

14. Waitresses and other employees walked past Plaintiffs on several occasions. Plaintiffs asked when they could get service and the waitresses and other employees totally ignored them, offering no service of any kind.

15. A white couple had entered the restaurant, seated themselves, and was immediately served. Two caucasian teachers from Plaintiffs' school came in and were immediately seated in a booth.

16. Approximately an hour and a half passed and Plaintiffs still had not been served.

17.    Shocked and humiliated in front of other patrons, Plaintiffs left the restaurant and walked to their car in the parking lot.  A caucasian male from the restaurant followed them, staring at them, indicating they were not welcome there, and frightening them.

## CAUSES OF ACTION

### COUNT I

**Unlawful Discrimination in Violation of
42 U.S.C. § 1981 and
Civil Rights Act of 1866**

18.    Plaintiffs reallege and incorporate by reference the above paragraphs, as if fully set forth herein.

19.    Defendants, through their caucasian employees, intended to discriminate against the Plaintiffs and that the discrimination concerned the making of a contract.  Defendants have a pattern and practice of discriminating against African-American citizens.

20.    By discriminating against Plaintiffs on the basis of their race, Defendants have denied Plaintiffs the same right to enjoy the benefits, privileges, terms, and conditions of their services and right to contract as is, and was enjoyed by white citizens, in violation of Plaintiffs' rights under the Civil Rights Act of 1866, 42 U.S.C § 1981.

## COUNT II

### Unlawful Discrimination in Violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. S. § 2000a (a)-2000a-6(a)

21.     Plaintiffs reallege and incorporate by reference the above paragraphs, as if fully set forth herein.

22.     By discriminating against Plaintiffs on the basis of their race, Defendants have denied Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of a place of public accommodation, in violation of Plaintiffs' rights under the Civil Rights Act of 1964, 42 U.S.C. § 2000a(a)-6(a).

23.     Plaintiffs aver that the discriminatory practices described herein were carried out at the discretion of and with the consent, encouragement, knowledge, and ratification of the Defendants, under the Defendants' authority.

24.     Defendants' actions were undertaken intentionally and purposefully, with racially discriminatory animus, for the purpose of denying Plaintiffs equal treatment on the basis of race.  Defendants acted maliciously, in bad faith, and with willful, callous, wanton and reckless disregard for Plaintiffs' federally-protected rights.

25. As a proximate result of the actions of the Defendants, Plaintiffs have suffered, and continue to suffer, irreparable loss and injury as a result of Defendants' actions unless enjoined by this Court.

26. Plaintiffs have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for injunctive and declaratory relief, and mental anguish, compensatory and punitive damages is their only means of receiving adequate relief.

27. Plaintiffs aver that as a consequence of the Defendants' illegal discrimination, Plaintiffs have suffered mental anguish, and other damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that the Court assume jurisdiction of this case and award Plaintiffs the following relief:

28. Grant Plaintiffs an Order requiring Defendants to make Plaintiffs whole by granting appropriate declaratory relief, compensatory damages, punitive damages, and damages for mental anguish, humiliation, embarrassment, emotional distress, and physical pain and suffering.

29. Grant Plaintiffs a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys and those acting in concert with them from continuing their racially discriminatory practices.

30. Award Plaintiffs their reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1981.

31. Order such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38(b), Plaintiffs demand a trial by jury of all issues as triable as of right.

>Respectfully submitted,
>
>/s/ Jerry O. Lorant
>Jerry O. Lorant (ASB-8235-N60J)
>Attorney for Plaintiffs

LORANT LAW, P.C.
First Commercial Bank Bldg.
550 Montgomery Hwy, Ste 101
Vestavia Hills, AL  35216
Office:  (205) 823-2250
Fax:  (205) 823-2251

## REQUEST FOR SERVICE BY CERTIFIED MAIL

Plaintiffs hereby request service by Certified Mail, Return Receipt Requested in this cause as follows:

Waffle House, Inc.
c/o CSC Lawyers Incorporating Service, Inc.
Registered Agent
150 South Perry Street
Montgomery, AL  36104

Waffle House #1843
4688 Center Point Road
Pinson, Alabama  35126

>/s/ Jerry O. Lorant
>Attorney for Plaintiffs